**CONSOLIDATED EDISON COMPANY OF NEW YORK, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 98 Civ. 4155(WK).**

United States District Court, S.D. New York.

July 6, 1999.

---

Daniel R. Murdock, Lori J. Van Auken, Winston & Strawn, New York City, for Plaintiffs.

Sheila M. Gowan, United States Attorney's Office, New York City, for Defendants.

## OPINION & ORDER

KNAPP, Senior District Judge.

Plaintiffs have moved, pursuant to Fed. R.Civ.P. 7 and 28 U.S.C. § 1292(d)(4)(B), for an order lifting the stay of proceedings in this action for the limited purpose of allowing discovery to proceed.

## BACKGROUND

Plaintiffs are twenty-two domestic nuclear utility companies who seek declaratory and injunctive relief to avoid having to pay special assessments imposed upon them by a federal statute which they contend is unconstitutional. A fuller recitation of the facts can be found in our prior opinions of November 25, 1998 and April 12, 1999.

The original complaint was filed on June 12, 1998; an amended complaint was subsequently filed before the defendants' time to answer had expired. On June 16, 1998, the plaintiffs served a document request on the defendants pursuant to Fed. R.Civ.P. 26 and 34. Instead of answering the complaint or responding to the document request, the defendants elected to move to stay all proceedings pending the outcome of related actions in the United States Court of Federal Claims ("CFC"). We issued an Opinion and Order dated November 25, 1998 which denied that motion and certified the question for interlocutory appeal. Defendants then moved to dismiss this action for lack of subject matter jurisdiction, or, in the alternative, to transfer this action to the CFC. In a decision dated April 12, 1999, we denied that motion but again certified the question for interlocutory appeal.

Upon the filing of defendants' motion to transfer the case to the CFC, a statutory stay went into effect pursuant to 28 U.S.C. § 1292(d)(4)(B). At a conference on April 22, 1999, the plaintiffs asked that the statutory stay be lifted so that discovery could proceed. When the defendants opposed any lifting of the statutory stay, we directed the parties to brief the question.

## DISCUSSION

Title 28 U.S.C. § 1292(d)(4)(B) provides, in relevant part:

When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings *shall* be taken in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings *shall* be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. *The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary.* (emphasis ours)

In the motion at bar, we are called upon to interpret the last sentence of the above-quoted text. The plaintiffs contend that an order compelling the government to comply with the utilities' outstanding docu-

ment request "is precisely the kind of preliminary relief contemplated by the statute." The defendants, by contrast, assert that § 1292(d)(4)(B) does not give us discretion to allow discovery during the stay of proceedings.

In support of their position, plaintiffs advance four principal arguments. First, they assert that because this action seeks injunctive relief, which is explicitly included in the exception to the statutory stay in the final above-quoted sentence, discovery should be permitted so that disclosures necessary for the attainment of such relief (such as the causes of contamination at the government's enrichment facilities and the extent of the government's awareness of the need to address the decontamination problem) can be elicited. Second, they claim that the statutory stay continues to cause them substantial economic prejudice inasmuch as another assessment of approximately $100 million will be due in October 1999. Moreover, they assert that uncertainty regarding future assessments clouds their ability to formulate long-range business strategies. Third, they argue that the government would not be prejudiced were the stay to be lifted. This is because the only issue on appeal would be where, as opposed to whether, the case will proceed. Accordingly, any discovery obtained in this forum would be equally valuable were the action ultimately to be transferred to the CFC. Finally, they maintain that a lift of the stay to permit discovery is in accordance with the intent of the drafters of the statute.

While plaintiffs have raised several persuasive pragmatic arguments favoring a lifting of the statutory stay, we cannot consider them if, as defendants suggest, the statute precludes us from exercising our discretion to permit discovery. In other words, we must first consider whether we *can* lift the stay before resolving the question of whether we *should* do so. Assuming the disputed sentence of § 1292(d)(4)(B) to be ambiguous as written, we begin our analysis with the statute's legislative history. The portion of the legislative history here relevant provides as follows:

> To further assure that the trial proceedings on the merits do not go forward until the jurisdictional question is resolved, [subsection (d)(4)(B)] also provides that proceedings in the district court shall be stayed until sixty days after the district court has ruled upon the motion to transfer. This sixty-days stay allows a party sufficient time to determine whether to take an appeal from any adverse decision on the transfer motion. Should an appeal be taken to the Federal Circuit pursuant to this new provision, the stay is extended until the Federal Circuit has disposed of the jurisdictional appeal. However, the stay of proceedings would not bar the granting of preliminary or interim relief under circumstances where it would otherwise be appropriate and where expedition is reasonably necessary. In some cases, a delay of even sixty days could serve to deprive a litigant of important rights or even the primary objective of the litigation. To foreclose the possibility that motions to transfer may be filed solely for the purpose of delaying proceedings where time is of the essence, this exception will permit the granting of extraordinary relief while still postponing consideration of the merits until after jurisdictional questions are resolved.

H.R.Rep. No. 100–889, *reprinted in* 1988 U.S.C.C.A.N. 5982.

After considering the portion of the legislative history set forth above, we believe that Congress did not contemplate allowing discovery to proceed during a stay under § 1292(d)(4)(B), even where such discovery might ultimately lead to the granting of injunctive relief. In our view, the exception to the stay was intended to be employed in extraordinary circumstances such as those involved in a TRO or a preliminary injunction. Plaintiffs seek neither in this case. While they hint that

injunctive relief might be sought in order to avoid paying the upcoming October 1999 assessment, they do not so much as suggest that they would be financially ruined by making such a payment. Rather, they say only that their ability to make long-term plans would be clouded. Should plaintiffs prevail upon the merits, any payments they may have made would be refundable with interest. Accordingly, they can hardly claim an irreparable injury for purposes of a preliminary injunction.

In conclusion, while we are sympathetic to plaintiffs' argument that discovery wouldn't prejudice the defendants because it could be used regardless of how the appellate court rules,[1] we are of the opinion that the statute leaves us without authority to lift the stay in this context. The statute was enacted to permit a party who loses a transfer motion in these circumstances to receive a final determination on the jurisdictional question before resources are wasted by litigating the merits in the wrong forum. The House Report's use of the terms "exception" (in reference to the lifting of the stay) and "extraordinary relief" (in reference to the circumstances under which the stay should be lifted) suggest to us that Congress did not intend for the stay to be lifted for purposes of general discovery. While this leads to an admittedly anomalous result in the facts at bar, we are without authority to do otherwise.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an order lifting the statutory stay so that discovery can proceed is denied.

---

1. The parties dispute which appellate court will hear the appeal of our decision to deny the government's transfer motion. Plaintiffs assert that the proper appellate court is the Second Circuit; defendants maintain it is the Federal Circuit. We need not address that dispute here.